# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION
RECEIVED

2018 MAY 10 A 10:53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **MATTHEW R. LEE,** an individual | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER 2:18-cv-479 |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** an individual foreign corporation, | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

1. Plaintiff, Matthew R. Lee, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, State Farm Mutual Automobile Insurance Company, is an Illinois corporation with its principal place of business in Bloomington, Illinois, that does business throughout the State of Alabama.

## JURISDICTION AND VENUE

3. The amount in controversy exceeds $75,000.00.

4. The incident giving rise to this lawsuit occurred in the Middle District of Alabama, Northern Division.

## **FACTS**

5. On or about July 16, 2015 Plaintiff, Matthew R. Lee, was walking upon the side, and off the paved portion, of Weoka Road in rural Elmore County, Alabama.

6. At that same time, William Craig Matthew Mann (hereinafter referred to as "Mr. Mann"), an underinsured motorist, was operating a motor vehicle on Weoka Road and near the vicinity of where Matthew R. Lee was walking.

7. At that time, Mr. Mann did allow his motor vehicle to come into contact with Matthew R. Lee's person.

8. At the time of the collision, Mr. Mann was underinsured as that term is defined by Florida law, Alabama law and the State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm") policy, and Mr. Mann carried bodily injury liability limits of Twenty-Five Thousand Dollars ($25,000) with ALFA Mutual Insurance Company.

9. As a direct and proximate consequence of the acts and/or omissions of Mr. Mann, Plaintiff, Matthew R. Lee, was injured, harmed and damaged as follows:

   (a) He suffered injuries to various portions of his body, including but not limited to: a dislocated right knee; broken right fibula; torn right ACL; torn right PCL; torn LCL; torn right proximal attachment of the MCL; macerated body and posterior horn of the right medial meniscus, which was flipped

   (b) He was caused to undergo a closed reduction surgical procedure for his right knee dislocation.

2

(c) He was caused to suffer a re-dislocation of the right knee which required a second surgical procedure.

(d) He was caused to undergo surgical procedures for ACL reconstruction, PCL reconstruction, MCL reconstruction, LCL reconstruction, MCL augmentation, and a partial medial meniscectomy.

(e) He was caused to develop arthrofibrosis in his right knee;

(f) He suffered aggravations/exacerbations of pre-existing conditions;

(g) He has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

(h) He has experienced and continues to experience mental anguish;

(i) He is reasonably certain to experience mental anguish in the future;

(j) He was knocked, shocked, bruised and contused over various portions of his body;

(k) He was permanently injured, disfigured and damaged;

(l) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals in excess of One Hundred Sixty-Six Thousand Dollars ($166,000.00);

(m) He was caused to incur out-of-pocket medical expenses; and

(n) He is reasonably certain to incur personal injury medical expenses in the future.

## **COUNT ONE-UNDERINSURED MOTORIST BENEFITS (NEGLIGENCE)**

10. On or about July 16, 2015, Plaintiff, Matthew R. Lee, was walking as a pedestrian upon the side, and off the paved portion, of Weoka Road in rural Elmore County, Alabama.

11. At that time, Mr. Mann's vehicle struck Matthew R. Lee's person.

12. Mr. Mann owed a duty to Plaintiff, Matthew R. Lee, to follow the Rules of the Road, to keep a proper lookout of pedestrians, and to not allow his vehicle to collide with Matthew R. Lee's person.

13. Mr. Mann breached those duties to Plaintiff, Matthew R. Lee, when he allowed his motor vehicle to collide with Matthew R. Lee's person.

14. As a direct result of Mr. Mann's negligence, Plaintiff, Matthew R. Lee, was injured, harmed and damaged as set forth in Paragraph 9 (a)-(n) *supra*.

15. At all times material hereto, State Farm issued a policy of automobile insurance coverage (policy/application number 59-6449-S16)(hereinafter referred to as the "State Farm policy") which afforded underinsured motorist coverage with limits of One Hundred Thousand Dollars ($100,000) per person and medical payments coverage of Five Thousand Dollars ($5,000) per person which inured to the benefit of the Plaintiff, Matthew R. Lee.

16. The State Farm policy was in full force and effect on the 16th day of July 2015, the date of the occurrence made the basis of Plaintiff's Complaint.

17. The State Farm policy was made and issued for delivery in the State of Florida.

18. State Farm has assigned a claim number to Plaintiff's underinsured and medical payments claims (claim number 59-748R-094) and has not notified Plaintiff of any coverage issues.

19. The State Farm policy inured to the benefit of Plaintiff, Matthew R. Lee, for personal injuries and damages caused by an underinsured motorist.

20. Plaintiff, Matthew R. Lee, avers that Mr. Mann qualifies as an "underinsured" motorist as those terms are defined by the State Farm policy as well as the laws of the states of Florida and/or Alabama.

21. Plaintiff, Matthew R. Lee, further contends that the negligence, of Mr. Mann caused and/or contributed to the incident described herein.

22. Plaintiff, Matthew R. Lee, contends he is "legally entitled to recover" damages from Mr. Mann by virtue of his negligence.

23. The injuries and damages complained of herein are of such nature that they should be covered by the insurance policy issued by State Farm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Matthew R. Lee, hereby demands judgment against Defendant State Farm Mutual Automobile Insurance Company for compensatory damages, including but not limited to, underinsured motorist benefits policy limits of One Hundred Thousand and no/100

Dollars ($100,000.00), an amount greater than the jurisdiction minimum of this Court, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO-MEDICAL PAYMENTS BENEFITS

24. On or about July 16, 2015, Plaintiff, Matthew R. Lee, was walking as a pedestrian upon the side, and off the paved portion, of Weoka Road in rural Elmore County, Alabama.

25. At that time, Mr. Mann's vehicle struck Matthew R. Lee's person.

26. As a direct result of that impact, Matthew R. Lee sustained personal injuries as set forth in Paragraph 9 *supra*.

27. As a direct result of those personal injuries, Matthew R. Lee, incurred personal injury medical expenses for treatment from various doctors, physicians, and hospitals in excess of One Hundred Sixty-Six Thousand Dollars ($166,000.00)

28. At all times material hereto, State Farm issued a policy of automobile insurance coverage (policy/application number 59-6449-S16)(hereinafter referred to as the "State Farm policy") with medical payments coverage of Five Thousand Dollars ($5,000) per person which inured to the benefit of the Plaintiff, Matthew R. Lee.

29. The State Farm policy in full force and effect on the 16th day of July 2015, the date of the occurrence made the basis of Plaintiff's Complaint.

30. The State Farm policy was made and issued for delivery in the State of Florida.

31. State Farm has assigned a claim number to Plaintiff's medical payments claims (claim number 59-748R-094) and has not notified Plaintiff of any coverage issues.

32. Plaintiff, Matthew R. Lee, avers he qualifies for medical payment coverage afforded under the State Farm policy as defined by the State Farm policy.

33. The injuries and damages complained of herein are of such nature that they should be covered by the insurance policy issued by State Farm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Matthew R. Lee, hereby demands judgment against Defendant State Farm Mutual Automobile Insurance Company for medical payments benefits in an amount of Five Thousand and no/100 Dollars ($5,000.00), together with interest from the date of the injury plus the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

_____
Travis G. McKay, Jr. (ASB-9925-A36M)
Attorney for Plaintiff

**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone: (205) 983-8143
Facsimile: (205) 983-8443
Email: tmckay@asilpc.com

Plaintiff's Address:

Matthew R. Lee
c/o Travis G. McKay, Jr.
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**PLAINTIFF WILL SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

**State Farm Mutual Automobile Insurance Company**
**c/o Corporation Service Company**
**641 South Lawrence Street**
**Montgomery, AL 36104**