IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW R. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-479-SMD |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

The underlying facts of this case pertain to a collision between an automobile operated by William Craig Mann ("Mann") and pedestrian Plaintiff Matthew Lee ("Lee") that occurred on a rural road in Elmore County, Alabama, on July 16, 2015. (Doc. 1, ¶¶ 5-7). On May 11, 2019, Lee filed a complaint against his insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), asserting a claim for uninsured/underinsured motorist coverage. *Id.* at ¶¶ 15-23. Presently before the Court is State Farm's Motion for Summary Judgment (Doc. 25); Lee's response in opposition (Doc. 28) thereto; and State Farm's reply (Doc. 29). For the reasons that follow, the undersigned finds that State Farm's Motion for Summary Judgment (Doc. 25) is due to be DENIED.

**I.     STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). When the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of the plaintiff's claim dictate which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact will not affect the outcome of the case under the governing law. *Id.* "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex*, 477 U.S. at 331 (White, J., concurring).

The court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001). However, a mere scintilla of evidence in support of a claim is insufficient; the nonmovant must produce sufficient evidence to enable a jury to rule in his favor. *Id.* The Eleventh Circuit explains that "[s]imply put, the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (internal quotes and citations omitted).

### III. FACTUAL BACKGROUND

On July 16, 2015, Lee was jogging alongside a two-lane rural road that did not have a sidewalk or a shoulder. He was wearing orange athletic shorts, a gray t-shirt, and a hat. He was not wearing any reflective material on his clothing or using any type of lighting

2

device while on his jog. Lee recalls that he was jogging on the right side of the road, and that traffic was "coming from behind [him]." Mann, however, places Lee on the left side of the road, as he recalls that Lee was moving towards him prior to impact.

Lee testified that, while walking on the grassy area beside the road, he encountered a spider in a web or a large insect which "landed in the middle of [his] head." During his effort to remove the insect, he moved from the grassy area onto the road's paved surface, placing both of his heels on the right fog line. Lee estimated that he had his head facing down for approximately three seconds while he tried to remove the insect from his head. Lee looked up in time to see the headlights of Mann's vehicle prior to impact. He testified that, unlike the other passing vehicles that merged towards the middle of the road, he observed Mann's vehicle swerve towards him. Lee also testified that he believed Mann was speeding. Lee recalls that the passenger-side front headlight area of Mann's vehicle struck him.

Mann testified that he first saw Lee on the grassy area beside the roadway, a couple of feet from the pavement to his right. Mann stated that, as he approached Lee, he steered his vehicle to the left to straddle the center line to give Lee more room. Mann then testified that "right as I got to [Lee], he threw up his hands and immediately broke and ran right out in the road in front of me." Mann testified that he slammed on his brakes but was unable to stop in time to avoid hitting Lee.

The collision occurred between 8:00 p.m. and 8:40 p.m. At that time, it was dark enough that most of the drivers, including Mann, were using their vehicle's headlights.

Other than a garage spotlight from a house approximately 100 feet from the accident scene, there were no other sources of light at the scene.

## IV. DISCUSSION[1]

Alabama's uninsured/underinsured motorist statute provides protection for parties "who are legally entitled to recover damages from owners or operators of uninsured [or underinsured] motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." Ala. Code § 32-7-23(a) (1975). For a party to demonstrate they are legally entitled to recover damages under their uninsured/underinsured motorist policy, they must be able to establish fault on the part of the uninsured/underinsured motorist, which gives rise to damages. *LeFevre v. Westberry*, 590 So. 2d 154, 157 (Ala. 1991). Further, the party must be able to prove the extent of the alleged damages. *Id*. In a direct action against an insurer like State Farm for uninsured/underinsured motorist benefits, the insurer has available, in addition to any applicable policy defenses, the substantive defenses that would have been available to the uninsured/underinsured motorist. *State Farm Mut. Auto Ins. Co. v. Bennett*, 974 So. 2d 959, 962 (Ala. 2007).

State Farm asks the Court to grant summary judgment against Lee with respect to any claim for underinsured motorist coverage based upon two arguments: (1) there is no evidence that any alleged negligence on the part of Mann caused or contributed to the

---

[1] Because this case is before the Court based upon diversity jurisdiction, the Court must follow Alabama law to interpret the scope of the insurance policy at issue. *Provau v. State Farm Mut. Auto Ins. Co*., 772 F.2d 817, 819-20 (11th Cir. 1985).

accident at issue in this case, and (2) Lee was contributorily negligent as a matter of law. (Doc. 25).

### A. Whether evidence shows that Mann was negligent in causing or contributing to the accident.

Alabama law defines negligence as "the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995). In order to recover under a negligence theory, the plaintiff bears the burden of proving (1) the existence of a duty owed by the defendant; (2) a breach of that duty; (3) proximate causation between the defendant's breach and the plaintiff's injury; and (4) damage or injury. *S.B. v. Saint James Sch.*, 959 So. 2d 72, 97 (Ala. 2006).

A "vehicle operator is under a duty to use reasonable care in operating the vehicle." *Jones v. Baltazar*, 658 So. 2d 420, 421 (Ala. 1995). "A motorist must exercise due care to anticipate the presence of others on the highway, and not to injure them upon becoming aware of their presence, and is chargeable with the knowledge of a what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a traveler or pedestrian whom he could have discovered in time to avoid the injury in the exercise of reasonable care." *Allman v. Beam*, 130 So. 2d 194, 195 (Ala. 1961). "And this is so

regardless of which side [of] the highway the pedestrian or traveler is walking, whether facing oncoming traffic or with his back to traffic." *Id*.

State Farm argues that it is entitled to summary judgment because Lee has failed to produce evidence that Mann was negligent in causing or contributing to the accident. (Doc. 25) at 9-13. In opposition to State Farm's argument, Lee advances several ways in which Mann was negligent. First, Lee points to his own testimony that he witnessed Mann steering his vehicle towards him prior to impact. (Doc. 28) at 3-4. Specifically, Lee testified:

> Q. And do you know whether he was – do you know whether he took any type of evasive maneuver to try to avoid hitting you?
> A. No, sir. He did not.
> Q. In fact, I think what you said is it seemed like the vehicle was actually coming toward you.
> A. That certainly is what it seemed like. When I turned and saw the vehicle – like I said, I didn't get to see the path of the vehicle for very long. Maybe a quarter or half a second. But those wheels looked like they were slightly curved. I noticed that right before I got hit. And I noticed that – I know this was in just half a second, but from where I saw – if he would have stayed exactly in the location that he was in the beginning of the half second when I saw him, I probably would have gotten maybe clipped. But to the best of my memory, it was at least a foot inside on his grille that I remember making impact. So he would have had to have been either at a very unusual spot on the road to drive, or he was veering off. That's the only thing I can imagine.

(Doc. 25-1) at 57-58.

Second, Lee points to the evidence that Mann was speeding at the time of the accident. (Doc. 28) at 4. The speed limit on the road was 55 miles per hour. Mann contends that he was traveling 45 or 50 miles per hour at the time he first saw Lee and that he slowed to between 15 and 20 miles per hour at the time of impact. (Doc. 28-2) at 9-11. Lee testified,

6

however, that Mann was traveling at least 55 to 60 miles per hour within a second of impact. (Doc. 25-1) at 58. Lee bases his estimation upon "listening to cars my whole life and knowing what a car at 50 sounds like versus a car at 60." *Id*. at 59.

Taking the evidence in the light most favorable to Lee, as the undersigned is required to do for purposes of summary judgment, the undersigned finds that there is a dispute of material fact as to whether Mann was negligent in causing or contributing to the accident. Lee's testimony, if believed, shows that Mann was speeding and that he swerved his car towards Lee prior to impact. A reasonable juror could conclude that either of these actions constitute negligence on the part of Mann and were a proximate cause of Lee's injury.[2] Accordingly, the undersigned finds that State Farm is not entitled to summary judgment based upon its argument that Lee has failed to produce sufficient evidence that Mann's negligence caused or contributed to the accident.

**B. Whether Lee was Contributorily Negligent as a Matter of Law.**

State Farm also argues that it is entitled to summary judgment because Lee was contributorily negligent as a matter of law. (Doc. 25) at 13-17. Under Alabama law, "[c]ontributory negligence is an affirmative and complete defense to a claim based on negligence." *Ridgeway v. CSX Transp., Inc*., 723 So. 2d 600, 606 (Ala. 1998). "In order to establish contributory negligence, the defendant bears the burden of proving that the plaintiff (1) had knowledge of the dangerous condition; (2) had an appreciation of the

---

[2] To be sure, a jury may ultimately determine that Lee's testimony is not credible or reliable because he was only able to observe Mann's vehicle for a fraction of a second prior to impact, or because Lee does not appear to have any specific qualifications to assess vehicle speeds. However, such a credibility assessment is not appropriate for summary judgment.

danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger." *Id*. Further, the defendant must show that the plaintiff's contributory negligence proximately caused the injury. *Hatton v. Chem-Haulers, Inc*., 393 So. 2d 950, 954 (Ala. 1980) ("The burden of proving contributory negligence and that it proximately caused the injury is on the defendant[.]"). Normally, contributory negligence is a jury question; however, if the facts are such that all reasonable people would logically have to reach the conclusion that the plaintiff was contributorily negligent, then contributory negligence may be found as a matter of law. *Serio v. Merrell, Inc*., 942 So. 2d 960, 964 (Ala. 2006). The same is true for the determination of whether the plaintiff's negligence was a proximate cause of the injury. *Hawkins v. Simmons*, – So. 3d –, 2019 WL 4894368, at * 13 (Ala. 2019).

"The breach of a statute or ordinance by a plaintiff can be asserted by a defendant as evidence of contributory negligence when that statute or ordinance fixes a standard of reasonable care for that plaintiff[.]" *Murray v. Ala. Power Co*., 413 So. 2d 1109, 1113 (Ala. 1982). However, "[s]uch use of a statute or ordinance does not automatically label the plaintiff's conduct as negligent. The determination . . . of whether a violation of the statute or ordinance, if any, constitutes negligent conduct is left solely to the jury." *Id*.; *Allman*, 272 Ala. at 113-14 ("[T]he violation of a statute designed for the protection of a person claiming to have been injured by reason of such violation, is negligence per se, or negligence as a matter of law. But we are also clear to the conclusion that such conduct on the part of a pedestrian will not in itself prevent recovery on the ground of contributory negligence if the violation of the statute is not a contributing cause of the injury. It is

generally agreed that the question as to whether the violation was a proximate contributing cause of the injury is for the jury.").

State Farm advances three ways in which it claims Lee was contributorily negligent based upon Lee's alleged violations of Alabama's Rules of the Road: (1) that Lee was jogging along the right side of the road with his back to approaching traffic in violation of Ala. Code § 32-5A-215(c); (2) that Lee left the shoulder of the road and entered the roadway in violation of Ala. Code § 32-5A-215(b); and (3) that Lee failed to yield the right-of-way to Mann's vehicle when, for whatever reason, he unexpectedly entered the paved surface of the roadway and moved into the path of Mann's vehicle in violation of Ala. Code § 32-5A-215(d). State Farm argues that, taken in combination, Plaintiff "placed himself in a dangerous position by failing to observe the applicable Alabama rules of the road and, as a result, failed to reasonably observe the conditions around him, including the traffic that was in his immediate area." (Doc. 29) at 8. State Farm continues: "Had Lee observed the appropriate rules of the road while walking or running alongside the roadway, he would have been farther away from the paved surface on the shoulder and would have had a clear line of sight of the approaching Mann vehicle when he encountered the insect." *Id*. In other words, State Farm argues: "Had Lee been on the correct side of the road, paid attention to his surroundings, and not suddenly entered the roadway, he would have been in a position to appreciate" Mann's vehicle as a hazard and could have avoided injury. *Id*. at 8-9.

First, it is disputed whether Lee violated Alabama Code § 32-5A-215(c). That statute states: "Where neither a sidewalk nor a shoulder is available any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the

roadway, and if on a two-way roadway, shall walk only on the *left side* of the roadway." Ala. Code § 32-5A-215(c) (emphasis added). While Lee testified that traffic was approaching from behind (which would place him on the right—not left—side of the road), Mann testified that he observed Lee coming towards his vehicle prior to the collision (which would place Lee on the left side of the road). Further, Lee's orthopedic surgeon indicated that, based upon the injury incurred, he believed that the outside of Lee's right knee was struck. This evidence arguably supports Mann's testimony that Lee was jogging against traffic on the left side of the road and could support the conclusion that Lee was not in violation of the Alabama Rules of the Road when he was struck by Mann's vehicle.

Second, it is disputed whether Lee violated Ala. Code § 32-5A-215(b). That statute states: "Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, *as far as practicable* from the edge of the roadway." Ala. Code § 32-5A-215(b) (emphasis added). Lee testified that he had both feet on the pavement with his heels touching the right fog line when he was struck by Mann's vehicle. Lee estimates that he was "no more than 8 to 10 inches from the grass" at that time. Prior to impact, Lee had been on the grassy area beside the road and moved onto the paved surface because he encountered a spider or other insect in the grassy area. Based upon this evidence, a reasonable juror could conclude that, by standing with his feet on the fog line, Lee was as far as practicable from the edge of the roadway due to the possibility that a spider web or other obstruction prevented Lee from distancing himself further from the roadway's edge. Additionally, if Lee's testimony that Mann's vehicle swerved towards him instead of away from him is believed, a reasonable juror could conclude that, even if Lee

violated the Alabama Rules of the Road by not being as far away as practicable from the edge of the roadway, that the violation did not proximately cause his injury.

Third, it is disputed whether Lee violated Ala. Code § 32-5A-215(d). That statute states: "[A]ny pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway." Ala. Code § 32-5A-215(d). If Lee was positioned with his feet on the fog line, and Mann's vehicle swerved towards him, a reasonable juror could conclude that Lee did not fail to yield the right-of-way.

Having found that State Farm has failed to show that the undisputed facts establish that Lee violated the Alabama Rules of the Road and/or that those violations proximately caused the accident at hand, the undersigned turns to whether any additional evidence shows that Lee understood—or should have understood—the danger posed by the surrounding circumstances and placed himself in a dangerous situation by failing to exercise reasonable care. Taking the evidence in the light most favorable to Lee, it appears that Lee was jogging alongside the left side of the roadway with traffic approaching him. It was dark enough that drivers, including Mann, were using their vehicle's headlights. Lee was not wearing reflective clothing or using any type of lighting device. After encountering an insect in the grassy area beside the road, Lee moved onto the pavement—his heels along the fog line—to try to remove the insect. Mann, who was exceeding the speed limit at the time, did not attempt to merge toward the center of the roadway and, instead, steered towards Lee and struck him. Under these conditions, the undersigned cannot find that Lee understood—or should have understood—the danger posed by Mann's speeding, swerving vehicle when he moved onto the roadway to remove the insect from his head. Nor does the

undersigned find that Lee failed to exercise reasonable care by placing himself in the way of that danger.

In so concluding, the undersigned notes Lee's testimony that, had Mann continued straight on his path instead of swerving towards him, he would have, at most, been clipped by Mann's vehicle. This suggests to the undersigned that Lee did not observe Mann's vehicle swerving towards him *until he was already positioned on the fog line*. At the time Lee moved into the road, it would have been reasonable for him to assume that oncoming vehicles would merge towards the center of the road to avoid contact with him. This is particularly so considering that Lee had not observed—at the time he moved onto the roadway—Mann's vehicle swerving towards him. Further, Lee testified that he only observed Mann's swerving vehicle for a fraction of a second prior to impact. Such a short window of time calls into question Lee's ability to appreciate the danger posed by the surrounding circumstance and to exercise reasonable care after appreciating the danger. As such, the undersigned cannot find, as a matter of law, that Lee was contributorily negligent.

Accordingly, because State Farm has not shown that Lee violated the Alabama Rules of the Road and/or that those violations proximately caused Lee's injury, and because the circumstances surrounding the accident are not such that contributory negligence may be imputed upon Lee as a matter of law, State Farm is not entitled to summary judgment based upon its argument that Lee was contributorily negligent.

V. **CONCLUSION**

For the foregoing reasons, it is

ORDERED that State Farm's Motion for Summary Judgment (Doc. 25) is DENIED.

Done this 4th day of December, 2019.

                                              <u>/s/ Stephen M. Doyle</u>
                                              UNITED STATES MAGISTRATE JUDGE